[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By writ, summons and complaint, dated May 17, 2001, the plaintiff, Joan M. Ward, is seeking, inter alia, a dissolution of her marriage to the defendant, James M. Ward.
After a full trial, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff, whose birth name was Joan M. Bienvenue, and the defendant were intermarried on February 3, 1984, at Providence, Rhode CT Page 4680 Island.
The parties have resided continuously in this State for at least twelve months next preceding the date of this Complaint
The parties have one minor child, issue of their marriage, namely, Kelly C. Ward, born May 13, 1984.
No other minor children have been born to the plaintiff since the date of the parties' marriage.
None of the parties hereto are receiving any assistance from any government agency.
The marriage has broken down irretrievably.
The plaintiff is fifty-one years of age, the defendant is fifty-eight and was previously married.
The parties have one child, issue of this marriage, Kelly Ward. During the early years of their marriage, the defendant's three children by a prior marriage lived in the parties' household and were supported by use of family funds.
Three years into the marriage, the defendant started an adulterous relationship with another women which resulted in the birth of a child and the defendant's obligation to support the child, by a garnishment in the amount of $108.00 per week.
The defendant is totally disabled and receives $526.00 per week as disability pay.
The plaintiff earns approximately $448.00 per week through her employment at the Mohegan Sun Casino.
Kelly, the parties child, attends private school and is an excellent student who will attend college.
The defendant has collected disability benefits throughout the marriage and takes a number of medications. However, the defendant in addition to consuming alcohol, has used illicit drugs, including cocaine.
The defendant's careless and irresponsible actions, with regard to finances, resulted in a large family debt that required an increase of the mortgage on the marital home and ultimately resulted in the filing of bankruptcy. CT Page 4681
The plaintiff who is the beneficiary of a legacy of her mother's estate received on advance on that estate of $18,000 to pay off a second mortgage on the marital home.
The defendant's reckless approach to money matters resulted in the loss of more than $100,000 when he invested in a restaurant in order to assist a nephew.
The court ascribes fault to the defendant in the breakdown of the marriage.
His fathering of an out-of wedlock child during this marriage, his reckless and irresponsible actions in financial mailers, his excess drinking and his abusive language towards the plaintiff and their daughter are the major courses of the failure of the marriage.
In accordance with the criteria established in General Statutes Secs.46b-81 and 46b-84. The court makes the following distribution and awards.
The parties shall have joint custody of the minor child with primary residence with the plaintiff, subject to reasonable rights of visitation with defendant.
The defendant shall pay to the plaintiff the sum of $113.00 per week as child support and shall pay to the plaintiff the arrearage of $500 due for past support.
The defendant shall pay to the plaintiff as periodic alimony the sum of $75 per week for a period of five years at which time the plaintiff should be in a more favorable financial position.
The defendant shall transfer all his right, title and interest in the marital home to the plaintiff to be hers free and clear of any claims of the defendant. The plaintiff shall be responsible for all expenses incurred in maintaining the property including mortgages, taxes, insurance and any assessments against same and shall hold the defendant harmless from any liability thereon.
The plaintiff shall retain her entire interest in her mother's estate and her pending personal injury lawsuit, free and clear of any claims of the defendant.
The defendant shall retain his entire interest in his retirement benefits free and clear of any claim of the plaintiff. CT Page 4682
The plaintiff shall maintain health insurance for the benefit of the minor child and the parties shall be responsible for the unreimbursed expenses, equally.
Each party shall be liable for the debts listed on their financial affidavits.
The 1992 Voyager shall be the property of the defendant free and clear of all claims of the plaintiff.
The 1989 Honda and the 1988 Chrysler shall be the property of the plaintiff, free and clear of all claims of the defendant.
The parties shall be responsible for their own counsel fees.
Accordingly, a decree may enter dissolving the marriage and incorporating therein the above awards and distributions as orders of the court.
_________________________ DANIEL F. SPALLONE JUDGE TRIAL REFEREE